IN THE
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXSAS
BROWNSVILLE DIVISION

UNITED STATES OF AMERICA §
    PLANTIFF §
§
§
V. §
§
AURELO REYES-NAVARRO §
    DEFENDANT §
§

B-17-34

FILED
FEB 13 2017
David J. Bradley, Clerk of Court

28 U.S.C.S. 2255
INEFFECTIVE ASSISTANCE OF COUNSEL

Now appears, Aurelo Reyes-Navarro, pro-se and moves this Honorable Court to vacate his sentence persuant to 28 U.S.C.S. § 2255, for Ineffective Assistance Of Counsel, under STRICKLAND v. WASHINGTON, 466 U.S. 668, 104 S. Ct. 2052 (1984).
In support thereof, Petitioner states as follows:

I.     Petitioner was found near the Rio Grande River area in Brownsville, Cameron County, Texas on June 30, 2015, by Customs and Border Protection Agents.

II.    Petitioner had been previously removed from the United on April 23, 2015, after being convicted of an aggravated felony, distributing a controlled substance on March 3, 2004.

[ Page 1 ]

III.    On June 13, 2016, the district court (United States District Judge Andrew S. Hanen presiding) sentenced the Petitioner to 60 months imprisonment under the 2015 Sentencing Guidelines.

IV.    Petitioner's appointed Federal Defender neglected to inform him and this Honorable Court that there has been a new 2016 802 Sentencing Amendment For Illegal Re-entry and that it favors this Petitioner to a lesser sentence. 2 L 1, 2.

V.    Petitioner's Counsel acted ineffective for failing to request a continuence so that Counsel could secure a lesser sentence for his client under the new 2 L1.2 Amendment being implemented to go into effect on November 1, 2016, just a few months before his sentence.

## AUGUMENT AND MEMORADUM OF LAW

I.    Facts and Proceedings below:

   Petitioner was indicted for Illegal Re-entry after being deported. He pleaded guilty without a plea agreement. A Presentence Report (PSR) found an offence level of 21, a criminal history category IV, and a guideline range of 57 - 71 months imprisonment.
The sentence imposed by this District Court was within the range, imposing sentence of 60 months.
The record in this case reflects a single removal from the

country on April 3, 2015, and specific offense characteristic, "Deported after a felony drug trafficking offense" with a sentence in excess of 13 months. He receive a +16 level enhancement based upon the Sentencing Commission 2015 adopted guidelines 2.L1.2 (2015).

This very own Honorable Court has been aware as has the District Attorney and Petitioner's Counsel at the date of his sentencing that, the Sentencing Commission finally adopted its proposed Amendments to USSG § 2L1.2.

The Commission recommended scrapping the entire existing framework of the guidelines, and substituting staggered adjustments: 1) prior entry or re-entry convictions, 2) the Defendants most serious pre-removal conviction, and 3) the Defendant's most serious post re-entry conviction. See U.S. Sentencing Commission Amendments to the sentencing guidelines (April 28, 2016).

Under this framework, Mr Reyes-Navarro would receive a base offense level of (8) eight, a (10) ten level adjustment for his felony drug trafficking offense. After the same three (3) level reduction for acceptence of responsibility, his offense level would be 15, and his range would be 30 - 37 months imprisonment.

II.     Summary Of Arguement

Subsequent to sentencing, the sentencing Commision, by

way of proposed Amendments, promulgated its final proposed amendments, recommending a reduction in Mr. Reyes-Navarro's guideline range. See U.S. Sentencing Commission Amendments to the Sentencing Guidelines (April 28, 2016).

As stated previously, this very own Honorable Court, District Attorney, and Petitioner's appointed counsel, had been aware of this new Amendment as it promulgated its final proposed amendments on April 28, 2016.

How then did his counsel not know about this new 2L1.2 Amendment, especially when it applies to his client and request a simple continuence from this Honorable Court, especially one that has a benefit for the Petitioner.

The Commission has thus recognized that the range of imprisonment informing the District Court's selection of sentence may not be necessary to achieve the goals specified in 18 U.S.C. § 3553(a). See Rita v. United States, 551 U.S. 338, 348 (2007), Noting that the Guidelines represent the Sentencing Sommission's effort to achieve the goals found in 18 U.S.C. § 3553(a).

This sentencing District Court should be permitted to resentence the defendant, especially when this Honorable Court knew about the Sentencing Commission's finds in April 28, 2016, two months before this Petitioner's sentence of June 13, 2016.

The question Petitioner raises before this Honorable Court is whether Counsel acted effective in his assistance as Counsel to this Petitioner under, Strickland v. Washington, Supra.

The Sixth Amendment requires that all Defense Counsel must keep apprised of new changes to Sentencing Law that may affect his client, and to invoke them appropriately, see U.S. v. Abney 812 F. 3d. 1079;1079: 2016 U.S. App. Lexis 1942 (D.C. cir 2016).

Although in Abney, supra deals with a new statute amendment,

Petitioner raises one question similar as Abney, supra did:

> "Defendant's counsel was ineffective under U.S. Constitutional Amendment VI for not seeking a sentencing continuance pending the imminent and reasonably likely passage of the Fair Sentencing Act (August 3, 2010) as it was resonably likely that it would lower mandatory minimums and would have applied"... see Abney, Supra.

Petitioner's Counsel had an obligation to examine the new proposed Amendment 2L1.2 Sentencing Guideline made by the Sentencing Commission as of April 2016 with enough care to detect what other Counsel's already had, namely the reasonable likelihood that courts would interpret the new proposed 2L1.2 provision to apply to defendant's sentenced after its effective date.

Familiar with the structure and basic content of the Sentencing Guidelines, has become a necessity for Counsel who seek to give effective representation, see U.S. v. Gaviria 116 F. 3d. 1498, 1512, 325 U.S. App. D.C. 322 (D.C. cir. 1997) (quoting U.S. v. Day, 969 F. 2d 39, 43 ( 3rd Cir. 1992).

Wherefore Petitioner's Counsel should have raised this issue to this Honorable Court before sentencing of this Petitioner. If for no other reason than to preserve the possibility that Petitioner could benefit from this new Illegal Re-entry Amendment to the Sentencing Guidelines 2L1.2, see U.S. v. Marshall 669 F. 3d. 228, 293, 399 U.S. App. D.C. 231 (D.C cir 2011).

In view of Counsel's overarching duty to advocate the defendant's per Strickland, supra at 688; Mr. Reyes-Navarro's could not remain silent when there was a substantial sentencing benefit that was reasonably likely to apply to this Petitioner if his sentence were to be postponed by four months especially when his offense level drops dramatically to 18 levels which his sentencing guidelines puts him at 30 - 37 months due to the -3 points for his Acceptance Of Responsibility.

Let the record reflect that Petitioner's Counsel never made any mention to this Honorable Court of this new 802 Amendment during his sentencing heraring.  Nor did the Destrict Attorney, nor did the PSR or this Honorable Court.

Wherefore Petitioner's Counsel was not only obligated to be aware of this fact that would benefit his client, but in the absence of any strategic considerations, Counsel was also obligated to pursue sentencing benefits arising from available, reasonably probable interpretations of a new sentencing law. See Abney, supra.

This Honorable Court is located in a "Border Town", Brownsville, Texas, where eighty five percent of its docket cases are for Illegal Re-entry charges.
How then can Counsel not know about this new 802 Amendment to the Sentencing Guidelines 2L1.2 (April 2016).

If Counsel would have been effective and well informed, He would have requested a continuance.  Petitioner posed "no risk" to the public because he was already incarcerated pending sentencing

Under Strickland, supra, Petitioner clearly meets the two prong test because Counsel's failure to seek a continuance of his clients sentencing is absent of any informed strategic choice, objectively unreasonable, and it also was prejudicial because of Counsel's failure there was a very good reasonable probability that a continuance would have been granted by a "reasonable, conscientious and impartial Judge" Strickland, supra... where sentencing benefits are available under existing law, courts have concluded that Counsel is ineffective when Counsel fails to advocate on his clients behalf at sentencing. See Rodrigues 676 F. 3d.at 191.

United States v. Soto, 132 F 3d. 56,59, 328 U.S. App. D.C.1 (D.C. cir. 1997).

Whether Counsel representation is deficient due to misinterpretation of the Sentencing Guidelines, or failure to invoke a salient guideline provision, "such drastic missteps clearly satisfies Strickland's first test; they amount to errors so serious that Counsel was not functioning as the "Counsel" guaranteed to defendant by the sixth Amendment.
See Soto, supra (quoting Strickland, 466 U.S. at 687).

A core feature of the Federal Sentencing scheme under the Sentgencing Reform Act of 1984, Pub. L. No. 98-473 § 212(a)(2), 98 Stat. 1837 (1989-1990) is that the applicable Sentencing Guidelines are those in effect when the offense was committed 18 U.S.C. § 3553 (a)(4)(A)(ii).
In Dorsey v. U.S.,! * # LED 2d.250,132 S. Ct 2321, 2335 (2012), once again deals with an Amendment Statute, however, Petitioner here, asks this Honorable Court to view this petition on its merits, that Counsel simply failed to request a continuance from this Court. Had Counsel would have done so, Petitioner would have been provided with a new 2.L1.2 Sentencing Guideline provision and to deny this petition in bad faith, would result in a great miscarriage of justice.

The entitlement to effective assistance does not end when the sentence is imposed but extends to one's first appeal of right.
See Evitts v. Lucey, 469 U.S. 387, 394, 83 L.Ed. 2d 821; 105 S. Ct. 830 (1985); Green v. Johnson, 160 F. 3d. 1029, 1043 (5th Cir. 1998); see U.S. v. Williams, 183 F. 3d. 460 (5th Cir. 1999).

Both appointed Counsels should have acted reasonable and it is their obligation to research relevant facts and law, and make an informed decision that certain avenues will not prove fruitful. See Washington, 466 U.S. at 690-91; Childress v. Johnson, ! * # F. 3d. 463 (5th Cir. 1997). Solid meritorious arguements based on directly controlling precedent should be discovered and brought to the Courts attention.

A reasonable probability is that which renders the proceeding unfair or unreliable, i.e. undermines confidence in its outcome, see id: Green, 160 F3d. at 1043 (quoting <u>Lockhart v. Fretwell</u>, 506 U.S. 364, 369, 122 L. Ed. 2d. 180, 113 S. Ct. 838 (1993).

Wherefore, Petitioner prays this Honorable Court act in the interest of justice and correct this miscarriage of justice done by all parties involved in this cause and issue an order:

1. Vacate sentence.
2. Apply the new 802 Amendment 211.2 to his Sentencing Guidelines to 30 to 37 months.
3. And remand for a new resentencing.

Wherefore, Petitioner moves this Honorable Court to grant this 2255 petition in its entirety and any other relief this Court deems just and proper.

Respectfully Submitted

*Aurelio Reyes Navarro*
Aurelo Reyes-Navarro
FBOP# 91139379

Feb-8. 2017.
Date Submitted

FCC Beaumont Medium
P.O. Box 26040
Beaumont, Texas  77720

( Page 8 )

Dear Clerk,

**B-17-34**

Enclose please find (1) one copy of my 28 U.S.C.S. 2255 for the Judge to be filed before this Honorable Court, (1) one copy to be stamped filed and returned back to me at:

Aurelio Reyes-Navarro
#91139-379
F.C.I - Beaumont - Med
P.O. Box 26040
Beaumont, Tx. 77720

Thank you for your assistance in this very important matter.

Respectfully
/s/ Aurelio Reyes Navarro
date: 2-8-2017

Aurelio Reyes-Navarro
Federal Correctional Institution
P.O. BOX 26040
Beaumont, TX 77720
United States

"Legal Mail"

To: Clerk's Office
U.S. District Court
Southern District of Texas
Reynaldo G. Garza - Filemon B. Vela
United States Courthouse
600 E. Harrison Street #101
Brownsville, TX
78520-7114

B-17-34

