United States District Court
Southern District of Texas

**ENTERED**

June 27, 2017

David J. Bradley, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| AURELIO REYES-NAVARRO, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 1:17-34 |
| | § | Criminal No. B:15-611-1 |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On February 13, 2017, Petitioner Aurelio Reyes-Navarro filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 1. On May 24, 2017, the Government filed a motion for summary judgment. Dkt. No. 20.

After reviewing the record and the relevant case law, the Court recommends that the motion for summary judgment be granted. Reyes-Navarro's claims are meritless.

## I. Procedural and Factual Background

On July 14, 2015, a federal grand jury – sitting in Brownsville, Texas, – indicted Reyes-Navarro for illegally re-entering the United States after having been previously deported[1], a violation of 8 U.S.C. §§1326(a) and 1326(b). U.S. v. Reyes-Navarro, Criminal No. 1:15-611-1, Dkt. No. 5 (hereinafter "CR").

### A. Re-Arraignment

On October 20, 2015, Reyes-Navarro appeared before the Magistrate Judge and entered a guilty plea – without a written plea agreement – to illegally re-entering the United States. CR Dkt. No. 16.

The Magistrate Judge issued a report and recommendation, which recommended that the District Judge accept Reyes-Navarro's guilty plea. CR Dkt. No. 16.

---

[1] While the indictment alleged that Reyes-Navarro had been convicted of a felony, that prior felony conviction is a sentencing factor, not an element of the offense under 8 U.S.C. § 1326. U.S. v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007). Accordingly, the inclusion of the allegation of a prior felony was "mere surplusage." U.S. v. Granados, 355 Fed. App'x. 823 (5th Cir. 2009)(unpubl.).

On November 13, 2015, the District Judge adopted the report and recommendation, accepting Reyes-Navarro's plea of guilty. CR Dkt. No. 25.

### B. Sentencing & Direct Appeal

In the final presentence report ("PSR"), Reyes-Navarro was assessed a base offense level of eight. CR Dkt. No. 20, pp. 4-5.  He was also assessed a 16-level enhancement for two prior drug trafficking convictions – a 2004 state conviction for sale of a controlled substance near a school and a 2005 conviction for possession with intent to distribute a controlled substance.  Id.  He was given a three-level reduction for acceptance of responsibility.  Id.  Thus, Reyes-Navarro was assessed a total offense level of 21.  Id.

Regarding his criminal history, Reyes-Navarro had six adult criminal convictions and was assessed eight criminal history points. CR Dkt. No. 20,  p. 5-7.  He was assessed an additional two criminal history points because he was on parole for a prior state conviction at the time he committed the instant offense.  Id.  Thus, he was assessed 10 total criminal history points, resulting in a criminal history category of V.  An offense level of 21 and criminal history category of V, produced a sentencing guideline imprisonment range of 70 to 87 months.

On January 13, 2016, Reyes-Navarro, through counsel, sought a continuance of the sentencing hearing. CR Dkt. No. 26.  That motion was granted. CR Dkt. No. 27.

On February 29, 2016, the Court held the sentencing hearing. CR Dkt. No. 41.  On that day, Reyes-Navarro's counsel sought a continuance of the hearing, which the Court granted.  Id.

On March 25, 2016, the Government filed a motion to continue the sentencing hearing so Reyes-Navarro could debrief the Government about information he had concerning a murder investigation. CR Dkt. No. 28.  On March 28, 2016, that motion was granted. CR Dkt. No. 37.

On April 12, 2016, the Court held the sentencing hearing. CR Dkt. No. 37.  At that hearing, his counsel sought a continuance, stating that "Mr. Reyes is looking at substantial time and there's some proposed guidelines changes that may benefit him, Your Honor. I just need more time to look at it." Id, p. 2.  The Court granted the motion for a continuance.  Id.

2

On June 13, 2016, the Court held the sentencing hearing. CR Dkt. No. 38.  At that hearing, Reyes-Navarro's counsel objected that two of Reyes-Navarro's prior sentences were too old to be given criminal history points; the Court sustained the objection. Id.  As a result, his criminal history category was reduced to IV and his revised guideline sentencing range was 57 to 71 months. Id.

Reyes-Navarro's counsel further sought a downward departure to 36 months, citing Reyes-Navarro's cooperation with the Government and his poor health. CR Dkt. No. 38.  The Government sought a sentence of 60 months, "given the nature of the prior convictions and the fact that he's still on parole for one of them." Id.

The Court sentenced Reyes-Navarro to 60 months of incarceration, three years of supervised release, and a $100 special assessment, the last of which was ordered remitted. CR Dkt. No. 38.  The judgment was entered on June 21, 2016. CR Dkt. No. 32.

### C. Direct Appeal

Reyes-Navarro timely filed a notice of direct appeal. CR Dkt. No. 30.  On direct appeal, Reyes-Navarro's appellate counsel moved to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967). CR Dkt. No. 48.  On March 27, 2017, the Fifth Circuit granted appellate counsel's motion to withdraw and dismissed Reyes-Navarro's appeal, finding that it contained no nonfrivolous issues for appellate review. Id.

Neither the Fifth Circuit docket, nor the Supreme Court docket, reflect the filing of a petition for a writ of certiorari with the Supreme Court of the United States.  Therefore, Reyes-Navarro's conviction became final on June 26, 2017, when the time for filing such a petition expired. Clay v. U.S., 537 U.S. 522, 532 (2003).

### D. Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255

On February 13, 2017, Reyes-Navarro timely filed a motion pursuant to 28 U.S.C. § 2255, requesting that the District Court vacate, set aside, or correct his sentence. Dkt. No. 1.[2] In his motion, Reyes-Navarro raised one overarching claim: his attorney was ineffective for

---

[2] The Court notes that Reyes-Navarro filed his § 2255 petition before the conviction became final.  The Court has waited until the conviction became final before making its recommendation.

3

failing to request a continuance so Reyes-Navarro could be sentenced under the amended sentencing guidelines.

On February 13, 2017, the Court ordered the Government to respond to the petition. Dkt. No. 4.

On May 24, 2017, the Government filed a motion for summary judgment, asserting that Reyes-Navarro's claim was meritless.

## II. Applicable Law

### A. Section 2255

Reyes-Navarro seeks relief pursuant to 28 U.S.C. § 2255. Dkt. No. 1.  That section provides, as relevant here:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Where a petitioner exhausts or waives his direct appeal, the Court is entitled to presume that he was fairly convicted. U.S. v. Frady, 456 U.S. 152, 164 (1982); U.S. v. Willis, 273 F.3d 592, 595 (5th Cir. 2001).  A petitioner who seeks to challenge a final conviction by collateral attack, can do so on constitutional or jurisdictional grounds. 28 U.S.C. § 2255(a); U.S. v. Shaid, 937 F.2d 228, 233 (5th Cir. 1991).

### B. Ineffective Assistance of Counsel

An ineffective assistance of counsel claim brought under § 2255 is subject to the two-prong analysis articulated in Strickland v. Washington, 466 U.S. 668 (1984). U.S. v. Grammas, 376 F.3d 433, 436 (5th Cir. 2004).  To establish ineffective assistance, the petitioner must show: (1) that defense counsel's performance was deficient; and, (2) that the deficient performance prejudiced the defendant. Id.  To prove that counsel's performance was deficient, a petitioner must show that "it fell below an objective standard of

4

reasonableness." <u>U.S. v. Juarez</u>, 672 F.3d 381, 385 (5th Cir. 2012).  Courts will not "audit decisions that are within the bounds of professional prudence." <u>U.S. v. Molina-Uribe</u>, 429 F.3d 514, 518 (5th Cir. 2005).

Prejudice is established by proving "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland</u>, 466 U.S. at 694.  "Failure to prove either prong will defeat an ineffective assistance claim." <u>Leal v. Dretke</u>, 428 F.3d 543, 548 (5th Cir. 2005).

A defendant is "entitled to effective assistance of counsel at all stages of his criminal trial, including the sentencing phase." <u>Ransom v. Johnson</u>, 126 F.3d 716, 721 (5th Cir. 1997). A defendant may show prejudice at sentencing if counsel's ineffective assistance resulted in any additional incarceration. <u>Glover v. U.S.</u>, 531 U.S. 198, 203 (2001) (noting that "any amount of jail time has Sixth Amendment significance.").

## III. Analysis

A court may entertain and decide a § 2255 motion without requiring the production of the prisoner at a hearing. 28 U.S.C. § 2255.  Further, a district court may deny a § 2255 motion without an evidentiary hearing "only if the motion, files, and records of the case conclusively show the prisoner is entitled to no relief." <u>U.S. v. Bartholomew</u>, 974 F.2d 39, 41 (5th Cir. 1992).  The record in this case satisfies this requirement, for which reason the motion can be decided without a hearing.

In analyzing Reyes-Navarro's claim, the Court is required to construe allegations by <u>pro se</u> litigants liberally, to ensure that their claims are given fair and meaningful consideration, despite their unfamiliarity with the law. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).  While the Court will "read <u>pro se</u> complaints liberally, <u>pro se</u> litigants must still comply with the law and procedural rules." <u>Washington v. E. Baton Rouge Par. Sch. Sys.</u>, 471 F. App'x 306 (5th Cir. 2012).

Reyes-Navarro asserts that his lawyer was ineffective for failing to seek a continuance so that he could be sentenced under the revised sentencing guidelines.  Reyes-Navarro was sentenced on June 13, 2016, and received a sentence of 60 months. CR Dkt. No. 32.  The

revised sentencing guidelines under Amendment 802 – which covered amendments to illegal re-entry cases – took effect on November 1, 2016.  The Government concedes that under the revised guidelines, Reyes-Navarro's guideline sentencing range would have been 30 to 37 months. Dkt. No. 20, p. 9, n. 6.[3]

In determining a sentence, the Courts are to use the Guidelines that are in effect at the time of sentencing. U.S. v. Espinoza, 609 F. App'x 271 (5th Cir. 2015) (unpubl.) (citing U.S. v. Martin, 596 F.3d 284, 286 (5th Cir. 2010)).  The Court properly sentenced Reyes-Navarro under the Guidelines that were in effect on June 13, 2016.  The amendments had not yet taken effect and were not held to be retroactive. See U.S.S.G. § 1B1.10(d) (listing which amendments are retroactive; Amendment 802 is not listed).

In a similar case – where the defendant claimed his attorney should have sought a continuance to be sentenced under a more favorable guideline range – the Fifth Circuit concluded that the defendant could not show any prejudice resulting from the attorney's failure. U.S. v. Flores-Ortega, 139 F.3d 1022, 1024-25 (5th Cir. 1998).

In Flores-Ortega, the Fifth Circuit assumed – without deciding – that failing to seek the continuance was deficient performance. Flores-Ochoa at 1024.  It held that in order to establish prejudice, the defendant must "demonstrate that it was 'reasonably probable' that the court would have granted the motion" if counsel had made it. Id., at 1025.

In this case, there is no evidence in the record that it was "reasonably probable" that the Court would have granted a continuance to counsel if one had been sought.  When Reyes-Navarro was sentenced on June 16, 2016, there had already been four prior continuances granted in the case; the original sentencing hearing had been set for January 25, 2016.  In order for Reyes-Navarro to receive the benefit of the amended guidelines, the fifth continuance would have had to last over four months, nearly as long as the first four

---

[3] The Court notes that Reyes-Navarro has argued that his attorney was unaware of the amendment to the sentencing guidelines. Dkt. No. 1, p. 2.  This argument is patently frivolous and belied by the record.  At the April 12, 2016, sentencing hearing, counsel requested a continuance for the specific purpose of conducting further research on the amendment to the guidelines for illegal re-entry cases. CR Dkt. No. 37.

continuances combined.  There is no indication in the record that the Court was prepared to grant a fifth continuance.

Furthermore, if the Court had granted a continuance for Reyes-Navarro to receive the benefit of the lower guideline sentencing range, it would have had to grant continuances for every similarly situated defendant as a matter of equity. See Flores-Ochoa, 139 F.3d at 1024 (noting that if the Court ruled in the defendant's favor on the § 2255, attorneys would have been required "to move for continuances in a substantial number of cases scheduled for sentencing" in the months before the amendment took effect).  This would have created a tremendous backlog of illegal re-entry cases over those four months.  The Court would have had to grant continuances in every § 1326 sentencing set for June, July, August, September and October 2016 and all of those defendants would have had to be sentenced after November 2016 (in addition to the cases already set for sentencing in November 2016).  As a matter of sound case management and common sense, this would have created a logistical nightmare, especially given the hundreds and hundreds of illegal re-entry cases prosecuted in the Brownsville Division annually.  There is simply no reasonable probability that the Court would have been able to, or was otherwise required to, undertake such a Herculean task.

Additionally, the Court was clearly concerned with Reyes-Navarro's criminal history.  It denied the downward departure motion, because of Reyes-Navarro's "criminal history, which include two different convictions for trafficking and drugs." CR Dkt. No. 38, p. 6.  Given this criminal history, there is no reasonable probability that the Court would have continued the case so Reyes-Navarro could receive a more favorable sentence.

Given all of these factors, there is no basis to conclude that there was a reasonable probability that the continuance would have been granted.  Accordingly, counsel was not ineffective for failing to seek such a continuance.  This claim is meritless and should be denied.

## IV.  Recommendation

WHEREFORE it is **RECOMMENDED** that the Petitioner Aurelio Reyes-Navarro's

Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255, Dkt. No. 1, be **DENIED** as meritless.

### A.  Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. § 2253(a),(c)(1).  A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006).  A district court may sua sponte rule on a COA because the court that denies relief to a petitioner is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing Reyes-Navarro's § 2255 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason.  Although Reyes-Navarro's § 2255 motion raises issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Accordingly, it is **RECOMMENDED** that a COA should be denied.

### B. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009).  Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court, except upon grounds of

plain error or manifest injustice. See § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

DONE at Brownsville, Texas, on June 27, 2017.

Ronald G. Morgan
United States Magistrate Judge